DAVID M. ZANIEL, ESQ.
Nevada Bar No. 7962
RANALLI ZANIEL FOWLER & MORAN, LLP
50 West Liberty Street, Suite 1050
Reno, Nevada 89501
Telephone: (775) 786-4441
Attorneys for CSAA General Insurance Company

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CSAA GENERAL INSURANCE COMPANY,<br><br>        Plaintiff,<br><br>vs.<br><br>AMERICAN AIRLINES, a Delaware Corporation, RAQUEL CAETANO, an individual, JUSTIN PILAND, an individual, GILBERTO PASTOR GARCIA, an individual, WORLDWIDE FLIGHT SERVICES, INC., RYDER TRUCK RENTAL INC. a Florida Corporation, ELIZABETH A. COYLE, an individual, THOMAS F. COYLE, An individual.<br><br>        Defendants. | Case No.<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF** |

Plaintiff, CSAA General Insurance Company, for its claim for relief, alleges and states as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction in the above-entitled matter.

2. Plaintiff CSAA General Insurance Company (hereinafter "CSAA Insurance") is an insurance corporation that is incorporated in the State of California. Plaintiff's principal place

1

of business is in the State of California. Plaintiff is also authorized to do insurance business in the State of Nevada and other states.

3. Upon information and belief, Defendant AMERICAN AIRLINES, INC. (hereinafter, "AMERICAN AIRLINES") is and was at times material to this action incorporated in the state of Delaware and is headquartered in the state of Texas and authorized to do business in the State of Nevada. Plaintiff is informed and believes that AMERICAN AIRLINES commenced doing business in the State of Nevada at times material to this complaint.

4. Upon information and belief, Defendant RAQUEL CAETANO (hereinafter, "CAETANO") is and was at times material to this action an individual residing in Los Angeles County, California. At times material to this action, CAETANO was physically present in the State of Nevada and employed by Defendant AMERICAN AIRLINES.

5. Upon information and belief, Defendant JUSTIN PILAND (hereinafter "PILAND") is or was a resident of Marion County, Indiana. At times material to this action, PILAND was physical present in the State of Nevada.

6. Upon information and belief, Defendant GILBERTO PASTOR GARCIA, (hereinafter "GARCIA") was and is a resident of Clark County, Nevada.

7. Upon information and belief, GARCIA was an insured of Plaintiff CSAA Insurance at all times relative to this Complaint and maintained an insurance policy with CSAA at the times material to this Complaint.

8. Upon information and belief, Defendant WORLDWIDE FLIGHT SERVICES, INC. (hereinafter, "WORLDWIDE FLIGHT SERVICES") is and was at times material to this action incorporated in the state of Delaware and authorized to do business in the State of Nevada.

Complaint for Declaratory Judgment

Plaintiff is informed and believes that WORLDWIDE FLIGHT SERVICES commenced doing business in the State of Nevada at times material to this complaint.

9. Upon information and belief, Defendant RYDER TRUCK RENTAL, INC. (hereinafter, "RYDER TRUCK RENTAL") is and was at times material to this action incorporated in the state of Florida and authorized to do business in the State of Nevada. Plaintiff is informed and believes that RYDER TRUCK RENTAL commenced doing business in the State of Nevada at times material to this complaint.

10. Upon information and belief, Defendants ELIZABETH A. COYLE and THOMAS F. COYLE are individuals (hereinafter, "COYLE") and were at times material to this action an individual residing in Orange County, California. At times material to this action, ELIZABETH COYLE was physically present in the State of Nevada and employed by Defendant AMERICAN AIRLINES.

11. The place of contracting for GARCIA and CSAA INSURANCE was Nevada. The application and renewal applications were submitted from an insurance agent in Nevada and the policy was delivered to GARCIA's address in Nevada. Nevada was also the place of residence under the policy.

12. Venue is proper, because many of the relevant events occurred within Clark County in the State of Nevada, which is located within this District.

13. The insurance policy that is the subject of this action, as further described herein, was issued and effective on February 5, 2019 to GILBERT GARCIA. The policy, a true and correct copy is attached as Exhibit "1") . The policy at issue has liability limits of $100,000 per person and $300,000 per accident.

14. The underlying matter described in this Complaint is a negligence liability claim seeking benefits for alleged injuries occurring in Clark County, Nevada. In sum, the underlying matters allege that GARCIA was negligent in his operation of a vehicle causing injuries.

15. Plaintiff denies that there is any coverage for GARCIA under the policy that Plaintiff issued to GARCIA for reasons hereinafter stated and, as a result, no defense is or was owed to GARCIA and that the defense may be withdrawn and no indemnification paid.

16. Without waiving any right to assert lack of coverage, however, CSAA INSURANCE will continue to pay all benefits due under Nevada law under written reservation of rights pending this Court's decision in this matter.

17. This Court has the jurisdiction to determine the dispute that has arisen under the above-referenced claim, and through policy number NVSS - 204479199, issued to GILBERT GARCIA effective February 5, 2019 through February 5, 2020.

## GENERAL ALLEGATIONS

18. CSAA INSURANCE incorporates by reference all the allegations previously stated in this Complaint as though set forth fully herein.

19. CSAA INSURANCE issued a policy of insurance to GARCIA, effective February 5, 2019 through February 5, 2020. A copy of that policy is attached as Exhibit 1, and incorporated by reference.

20. On or about May 16, 2019, a motor vehicle collision occurred in Clark County, Nevada at the intersection of Paradise Road and E. Naples Drive.

21. Upon information and belief, PILAND was operating a Ford F-250 southbound on Paradise Road in the number 4 travel lane.

22. Upon information and belief, GARCIA was operating Ford Transit Wagon southbound on Paradise Road in the number 3 travel lane.

23. Upon information and belief, PILAND made an unsafe lane change into the vehicle GARCIA was operating.

24. Upon information and belief, at the time of the accident, GARCIA was employed by WORLWIDE FLIGHT SERVICES and in the course and scope of employment.

25. Upon information and belief, GARCIA was transporting employees of AMERICAN AIRLINES, including, CAETANO and OCAMPO and passenger COYLE.

26. As a result of the above motor vehicle collision, lawsuits have been filed: to wit:

a. *Elizabeth A. Coyle and Thomas F. Coyle v. Justin Michel Piland, Gilberto Pastor Garcia, Ryder Truck Rental, Inc. Worldwide Flight Services, Inc.* Eighth Judicial District Court, Clark County, Nevada, Case A-21-834692-C.

b. *Raquel Caetano, an individual v. Justin Michel Piland, Gilberto Pastor Garcia, Ryder Truck Rental, Inc. Worldwide Flight Services, Inc.* Eighth Judicial District Court, Clark County, Nevada, Case A-21-833742-C <u>consolidated with</u> *American Airlines v. Justin Michel Piland, Gilberto Pastor Garcia, Ryder Truck Rental, Inc. Worldwide Flight Services, Inc.* Eighth Judicial District Court, Clark County, Nevada, Case A-21-834680-C.

c. *American Airlines v. Justin Michel Piland, Gilberto Pastor Garcia, Ryder Truck Rental, Inc. Worldwide Flight Services, Inc.* Eighth Judicial District Court, Clark County, Nevada, Case A-21-841888-C.

27. The Complaints allege that as a result of the accident, and specifically GARCIA's negligence, COYLE was injured and received treatment, CAETANO was injured and received

treatment, AMERICAN AIRLINES provided worker compensation benefits to CAETANO and employee OCAMPO, and seeks payment for the benefits provided.

28. The Complaints all state that GARCIA was employed for WORLDWIDE FLIGHT SERVICES and in the course and scope of employment at the time of the accident.

29. The Complaints all allege that GARCIA was operating a vehicle as an employee of WORLDWIDE FLIGHT SERVICES that was owned by RYDER TRUCK RENTAL.

30. Upon information and belief, WORLDWIDE FLIGHT SERVICES is a commercial business that contracted to transit passengers to and from the McCarran International Airport at the time of the accident using a RYDER TRUCK RENTAL vehicle.

31. Upon information and belief, WORLDWIDE FLIGHT SERVICES employed GARCIA as the driver of said commercial vehicle that was involved in the accident that is the subject of this Complaint.

32. AMERICAN AIRLINES, CAETANO and COYLE all made claims on the liability insurance policy that CSAA INSURANCE provided to GARCIA.

33. Part I – Liability to Others of the above-referenced policy states:

Subject to the Limits of Liability, if you pay the premium for liability coverage, we will pay damages, other than punitive damages, for bodily injury or property damage for which an insured person becomes legally responsible because of an accident arising out of the

1. ownership maintenance or use of a covered vehicle or an accident arising out to the maintenance or use of non-owned vehicle.

34. The policy also contains the following exclusions and definitions:

Coverage under this Part I, including our duty to defend does not apply to:

1. bodily injury or property damage arising out of the ownership, maintenance, or use of a vehicle while being used for commercial use[1].

18. bodily injury or property damage resulting from the ownership, maintenance, or use of any vehicle other than covered vehicle, in the course of any business[2] other than farming or ranching. This exclusion applies only after the limits of liability required by the Nevada Financial Responsibility Law have been satisfied. The applicable minimum bodily injury limit is $25,000 for each person and $50,000 for each accident.

19. liability imposed upon or assumed by an insured person under any workers compensation law.

34. Upon information and belief, GARCIA was using or operating a vehicle for commercial use, namely the Ford Transit Wagon that was owned by RYDER TRUCK RENTALS at the time of the accident.

35. Upon information and belief, GARCIA was using or operating a vehicle, other than his covered vehicle[3] in the course and scope of business, namely as an employee of WORLDWIDE SERVICES.

36. Upon information and belief, liability is being imposed upon GARCIA under worker compensation law, specially AMERICAN AIRLINES who alleges that it had to pay worker

---

[1] Commercial use as defined by the policy means the transportation of person or property in the business of any insured or for hire, compensation or profit.
[2] Business is defined as any trade, profession or occupation, whether engaged in full time or part time.
[3] GARCIA's covered vehicle, pursuant to the declaration of insurance, included a 2017 Ford Expedition and a 1993 Toyota Corolla.

Complaint for Declaratory Judgment

compensation benefits to their injured employees who were passengers in the van being operated by GARCIA.

37. Based upon the above exclusions, CSAA INSURANCE has no duty to defend or indemnify under its policy with GARCIA relative to the above lawsuits and claims being made.

## FIRST CAUSE OF ACTION
## (DECLARATORY RELIEF)

38. CSAA INSURANCE incorporates by reference all the allegations previously stated in this Complaint as though set forth fully herein.

39. This Court has jurisdiction to determine whether there is coverage for GARCIA under the policy that is in genuine dispute. Declaratory relief is available pursuant to 28 U.S.C. § 2201.

40. This Court has facts upon which it can determine that there was no coverage for GARCIA under the policy by reasons stated herein.

41. The Court should find as a matter of law that based upon the exclusions in the CSAA INSURANCE policy, and the nature of the risk that CSAA INSURANCE underwriters had accepted and relieves Plaintiff of any obligation to defend GARCIA in the underlying lawsuits and relieves Plaintiff of any obligation to indemnify GARCIA from any award, verdict, judgment or benefit which may be afforded to AMERICAN AIRLINES, COYLE, CAETANO by reason of the incidents described herein.

42. The Court should find as a matter of law that the above-referenced exclusions apply and relieves Plaintiff of any obligation to defend GARCIA in the underlying lawsuits and relieves

Plaintiff of any obligation to indemnify GARCIA from any award, verdict, judgment or benefit which may be afforded to GARCIA by reason of the incidents described herein.

## SECOND CAUSE OF ACTION
### (FOR INJUNCTIVE AND OTHER RELIEF)

43. CSAA INSURANCE COMPANY incorporates by reference all the allegations previously stated in this Complaint as though set forth fully herein.

44. Plaintiff is informed and believes that there was no coverage for GARCIA from the inception of the policy for reasons stated herein.

45. Plaintiff is informed and believes that there was no coverage for GARCIA in any policy issued by Plaintiff for reasons stated in this Complaint, subject to further investigation and discovery.

46. Because there is no coverage owed for the AMERICAN AIRLINE, CAETANO or COYLE allegations against GARCIA, there is no duty owed by Plaintiff to defend and Plaintiff should be permitted to withdraw its defense of the allegations.

47. Because there is no coverage owed for any covered act by GARCIA, Plaintiff is not required to defend or indemnify GARCIA for any claim, suit, loss or demand.

48. Plaintiff is informed and believes that orders and injunctions may be required to effectuate the orders of the court with regard to these matters to enforce both known and unknown parties rights with regard thereto.

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. On its claim for declaratory relief, that this Honorable Court determine and adjudicate the rights, duties and responsibilities of the plaintiff company and the named

defendants with respect to the matters set forth in this complaint, and that this Court order that there is no coverage for the incident between AMERICAN AIRLINES, CAETANO and COYLE vs. GARCIA, under Plaintiff's applicable policy, and that there is no coverage owed to GARCIA under this policy.

2. On its claim for declaratory relief, that this Honorable Court determine and adjudicate the rights, duties and responsibilities of the plaintiff company and the named defendants with respect to the matters set forth in this complaint, and that this Court order that there is no coverage for the incident between GARCIA and AMERICAN AIRLINES, COYLE and CAETANO under Plaintiff's policies issues to GARCIA from February 5, 2019 through February 5, 2020.

3. For a determination that Nevada is the proper place to determine these matters and that it is the law of the State of Nevada that governs all questions of coverage for GARCIA, if any;

4. That by reason of the exclusions that the policy Plaintiff issued to GARCIA, any defense may be rescinded and that Plaintiff is free of defense and indemnity obligations thereunder;

5. For such other orders as may be necessary to preserve status quo during the hearing of these matters and such orders as may be required to effectuate the orders of the court;

6. For attorneys fees and costs of this action;

///

//

///

//

///

Complaint for Declaratory Judgment

7. For such other and further relief as the Court may deem proper.

DATED this 20th day of ~~November~~ December 2021.

RANALLI & ZANIEL, LLP

_____
DAVID M. ZANIEL, ESQ.
Nevada Bar No. 7962
50 West Liberty Street, Suite 1050
Reno, Nevada 89501
Attorney for Plaintiff
CSAA GENERAL INSURANCE

Complaint for Declaratory Judgment

## INDEX OF EXHIBITS

1.     CSAA General Insurance Policy Issues to Gilbert Garcia

Complaint for Declaratory Judgment