MICHAEL C. MILLS, ESQ.
Nevada Bar No. 003534
BAUMAN LOEWE WITT & MAXWELL
3650 N. Rancho Dr., Ste. 114
Las Vegas, NV 89130
Phone: 702-240-6060
Fax: 702-240-4267
Email: mmills@blwmlawfirm.com

Attorneys for Defendant,
American Airlines

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| CSAA GENERAL INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN AIRLINES, a Delaware Corporation, RAQUEL CAETANO, an individual, JUSTIN PILAND, an individual, GILBERTO PASTOR GARCIA, an individual, WORLDWIDE FLIGHT SERVICES, INC., RYDER TRUCK RENTAL INC., a Florida Corporation, ELIZABETH A. COYLE, an individual, THOMAS F. COYLE, an individual,<br><br>Defendants. | Case No.: 2:21-cv-02221-GMN-NJK |

## MOTION TO DISMISS

COMES NOW Defendant American Airlines as the employer of injured workers Caetano and Coyle and files this Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Plaintiff CSAA Insurance Company has failed to state a claim against Defendant American Airlines because CSAA's duty to indemnify will not arise until there is a judgment in the underlying action. Therefore, the action is not ripe as applied to Defendant American Airlines as employer of injured workers Caetano and Coyle. Even if there is jurisdiction regarding this action, the court should exercise its discretion and should abstain from accepting the case.

3912905v1

## POINTS & AUTHORITIES

### I. FACTS

Plaintiff's Complaint alleges that on 05/16/2019 there was a vehicle collision. [ECF 1 ¶ 20]. Defendant American Airlines was the employer of Defendants Caetano and Coyle. Caetano, Coyle and Mireles were flight attendants. [ECF 1 ¶¶ 3, 4 and 10]. They were travelling from their accommodations at a Las Vegas hotel to the airport so that they could complete the next leg of their assignment for American Airlines. They were in the course and scope of their employment. [ECF 1 ¶ 25]. Worldwide Flight Services, Inc. and its driver Garcia were operating the vehicle in which Caetano, Coyle and Mireles were passenger. [ECF 1 ¶ 28 – 32]. The vehicle was involved in an accident. [ECF 1 ¶ 20]. Caetano, Coyle and Mireles claimed injuries and filed workers compensation claims with American Airlines. American Airlines considered and paid those claims.

Plaintiff CSAA is an insurance company doing business in Nevada. [ECF 1 ¶ 2]. Plaintiff alleges that CSAA insured driver Garcia. [ECF 1 ¶ 7}.

American Airlines filed suit to protect its liens as to the recovery of its injured employees. Defendants Caetano, Coyle and Mireles have filed individual suits. Exhibits **A**, **B** and **C**. American Airlines' Complaints allege that Mr. Garcia and his employer were negligent. Exhibit **D** and **E**. Garcia has also filed a claim for personal injuries. Exhibit **F**. All of these actions are filed in the Eighth Judicial District Court, Clark County, Nevada. The actions have been consolidated.

The suits in the State Court actions are new. The Judge in the Eighth Judicial District Court held its initial NRCP Rule 16 Scheduling Conference on January 26, 2022. The Court set the Discovery Cut-Off for May 16, 2023. Exhibit **G**. The trial date will be set sometime thereafter. No judgment in the underlying action has been entered.

///

///

///

## LAW & ARGUMENT

A. THE COURT SHOULD DISMISS BECAUSE THERE IS NO CASE AGAINST AMERICAN AIRLINES AT THIS TIME.

Rule 12(b) provides:

(b) How to Present Defenses. Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:

(1) lack of subject-matter jurisdiction;

\* \* \*

(6) failure to state a claim upon which relief can be granted; and

Defendant contends that the Plaintiff's Complaint fails to state a claim as against Defendant American Airlines.

It is anticipated that the Plaintiff will argue that there is a case and controversy even without a judgment in the underlying action. Am. States Ins. Co. v. Kearns, 15 F.3d 142 (9th Cir. 1994). However, American Airlines is not an insured of CSAA. There is no judgment by American Airlines against the CSAA insured defendant. The question of whether there is a duty to indemnify Garcia will not be ripe until there is a judgment.

Under Nevada law, the duty to indemnify does not arise until an insured becomes legally obligated to pay damages in the underlying action that gives rise to a claim under the policy. United Natl Ins. Co. v. Frontier Ins. Co., 120 Nev. 678, 686, 99 P.3d 1153, 1157 (2004). In Ticor Title Ins. Co. v. Am. Res., 859 F.2d 772, 777, n.7 (9th Cir. 1988), the Court said "courts normally dismiss declaratory judgment actions, especially where the federal relief sought may hinge upon the outcome of state court actions." In this case, any right that American Airlines may have will hinge on the outcome of the case.

B. EVEN IF THE CASE WERE RIPE, THE COURT SHOULD ABSTAIN FROM EXERCISING ITS DISCRETIONARY JURISDICTION AND SHOULD DISMISS

Even if the dispute were ripe and the court had jurisdiction, the court should refuse to exercise its jurisdiction in this action.

In the case of <u>Pharmacists Mut. Ins. Co. v. C&R Pharmacy</u>, No. 2:19-CV-350 JCM (BNW), 2020 U.S. Dist. LEXIS 84386, at *7 (D. Nev. May 13, 2020), the court said:

> "If the suit passes constitutional and statutory muster, the district court must also be satisfied that entertaining the action is appropriate." <u>Gov't Employees Ins. Co. v. Dizol</u>, 133 F.3d 1220, 1223 (9th Cir. 1998). "This determination is discretionary, for the Declaratory Judgment Act is 'deliberately cast in terms of permissive, rather than mandatory, authority.'" Id. (quoting Public Serv. <u>Comm'n of Utah v. Wycoff Co.</u>, 344 U.S. 237, 250, 73 S. Ct. 236, 97 L. Ed. 291 (1952) (J. Reed, concurring)).
>
> The court "must decide whether to exercise its jurisdiction by analyzing the factors set out in <u>Brillhart v. Excess Ins. Co.</u>, 316 U.S. 491, 62 S. Ct. 1173, 86 L. Ed. 1620 (1942), and its progeny." <u>Principal Life Ins. Co.</u>, 394 F.3d at 669. These factors include: (1) avoiding needless determination of state laws; (2) discouraging litigants from filing declaratory actions as a means of forum shopping; and (3) avoiding duplicative litigation. See, e.g., <u>Principal Life Ins. Co.</u>, 394 F.3d at 672; <u>Gov't Employees Ins. Co.</u>, 133 F.3d at 1225; <u>Continental Casualty Co. v. Robsac Indus.</u>, 947 F.2d 1367, 1371-73 (9th Cir. 1991).

The <u>Brillhart</u> factors are laid out in the case of <u>Acuity v. Cifuni</u>, No. 2:19-cv-01879-GMN-DJA, 2020 U.S. Dist. LEXIS 177908 (D. Nev. Sep. 28, 2020).

1. <u>The Court Should Abstain From Exercising Jurisdiciton and Should Dismiss Because It Would Be A Needless Determination of State Law Issues</u>

Jurisdiction is based on diversity of citizenship and the issue of insurance law is an area that Congress has expressly left to the states. <u>Cont'l Cas. Co. v. Robsac Indus.</u>, 947 F.2d 1367, 1371 (9th Cir. 1991), overruled on other grounds by <u>Dizol</u>, 133 F.3d at 1227.

2. <u>The Court Should Abstain From Exercising Jursidiction and Should Dismiss Because this Appears To Be A Means of Forum Shopping</u>

This suit appears to be the a search for federal jurisdiction, where state court would be the appropriate jurisdiction in light of the fact that federal law has left insurance issues to the state. As stated in <u>Pharmacists Mut. Ins. Co. v. C&R Pharmacy</u>, No. 2:19-CV-350 JCM (BNW), 2020 U.S. Dist. LEXIS 84386, at *11 (D. Nev. May 13, 2020), the court said:

> Although PMIC is not a party to the underlying case, a declaration of its obligations under the policy are best addressed by the state court that will determine liability for the underlying cases. PMIC's tactical decision to litigate in a federal forum by filing the instant suit is necessarily "reactive" litigation.

Accordingly, dismissal is warranted because there is a presumption in favor of the state court resolving issues of state law.

This admonition would hold true for CSAA. While it is not a party to the underlying case, this issue would be better resolved under state law.

3. <u>The Court Should Abstain From Exercising Jurisdiction and Should Dismiss Because This Will Amount to Duplicative Litigation</u>

A decision regarding the facts of the case may well resolve the coverage issue and make this suit moot.

## CONCLUSION

The Court should dismiss this action against Defendant American Airlines. There remain issues of liability regarding driver Garcia which will have to be resolved as factual disputes in the underlying action. If coverage litigation is necessary, State Court is the jurisdiction where this issue of coverage should be resolved. The Court should abstain from exercising jurisdiction.

DATED this 3 day of February, 2022.

BAUMAN LOEWE, WITT & MAXWELL

MICHAEL C. MILLS, ESQ.
Nevada Bar No. 003534
3650 N. Rancho Dr., Ste. 114
Las Vegas, Nevada 89130
Attorneys for Defendant, American Airlines

A Complaint Caetanto
B Complaint Mireles
C Complaint Coyle.
D American Airlines suit re Caetano.
E American Airlines suit re Mireles.
F Complaint Garcia.
G Scheduling Order.